UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICIA SILVA,

                Plaintiff,

                                                                                            **COMPLAINT**

     v.

**FRANCOIS BEAUREGARD and 2635-8762 QUEBEC**        Civil Action No.
**INC.,**

                Defendants.

-----------------------------------------------------------------X

Plaintiff, PATRICIA SILVA, by counsel, STEINBERG & GRUBER, P.C., complaining of Defendants, FRANCOIS BEAUEGARD and 2635-8762 QUEBEC INC., respectfully alleges upon information and belief, as and for a Complaint:

## JURISDICTION & VENUE

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Nassau, City and State of New York.

2. Subject matter jurisdiction exists pursuant to 28 U.S.C. Sec 1332 in that, upon information and belief, there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is properly laid pursuant to 28 U.S.C. Sec 1391 because upon information and belief, the defendants are residents of the Country of Canada and because a substantial part or all of the events or omissions giving rise to the claims occurred in the State of New York.

## THE PARTIES

4. Plaintiff, PATRICIA SILVA is a citizen of the State of New York, residing in

Lynbrook, New York.

5. Upon information and belief, the defendant, FRANCOIS BEAUREGARD is a citizen of the Country of Canada and resides in the Provence of Quebec.

6. Upon information and belief, the defendant 2635-8762 QUEBEC INC, is a Canadian corporation duly organized and existing under the laws of the Provence of Quebec with its principal place of business located in Lavaltrie, Quebec.

## FACTUAL ALLEGATIONS

7. Upon information and belief, at all times herein mentioned, defendant 2635-8762 QUEBEC INC., was the owner of a tractor trailer truck bearing Quebec license number L815196.

8. Upon information and belief, the vehicle registration number of said truck was RG6498ZH.

9. Upon information and belief, defendant 2635-8762 QUEBEC INC was the owner of said truck on September 6, 2021.

10. Upon information and belief, defendant 2635-8762 QUEBEC INC customarily used the said truck to carry freight.

11. Upon information and belief, defendant 2635-8762 QUEBEC INC managed, maintained and controlled the aforesaid tractor trailer truck.

12. Upon information and belief, defendant 2635-8762 QUEBEC, INC on September 6, 2021, transacted business in the State of New York and obtained revenue as a result of said transactions.

13. Upon information and belief, on September 6, 2021 defendant FRANCOIS BEAUREGARD was employed by the defendant 2635-8762 QUEBEC INC.

14. Upon information and belief, on September 6, 2021 defendant FRANCOIS BEAUREGARD was operating the aforesaid truck within the course and scope of his employment by the defendant, 2635-8762 QUEBEC INC.

15. Upon information and belief, on September 6, 2021 defendant, FRANCOIS BEAUREGARD was operating the aforesaid truck with the permission and consent of the defendant 2635-8762 QUEBEC INC.

16. Upon information and belief, on September 6, 2021 Ulster service area in Ulster County in the State of New York was a public service area.

17. On September 6, 2021 plaintiff PATRICIA SILVA was a pedestrian at the afore-mentioned location.

18. Upon information and belief, On September 6, 2021 the defendant, FRANCOIS BEAUREGARD, operating the aforesaid truck, negligently released the parking brake, allowing the truck to roll backwards into the vehicle the plaintiff, PATRICIA SILVA was standing next to causing plaintiff, PATRICIA SILVA to be struck and sustain serious personal injuries.

19. As a result, thereof, the plaintiff suffered serious injuries pursuant to NYS Insurance Law Sec 5102(d) including but not limited to fractured lumbar spine, fractured ribs, right shoulder injury, right knee and left wrist. That solely as a result of the foregoing, the plaintiff, was caused to sustain serious and severe bodily injuries, was rendered sick, sore, lame and disabled, sustained severe shock to her nervous system, was caused to suffer severe mental

anguish, was and continues to be unable to attend to her usual occupation and duties, was caused to incur and continues to incur expenses for care and medical treatment; and was otherwise damaged.

## FIRST CLAIM FOR RELIEF AS AGAINST THE DEFENDANT 2635-8762 QUEBEC INC.

20. Upon information and belief, the aforesaid occurrence and resulting injuries to the plaintiff were caused by the negligent acts and omissions of the defendant 2635-8762 QUEBEC INC., its agents, servants, or employees which were committed on September 6, 2021.

21. Upon information and belief, the defendant, 2635-8762 QUEBEC INC. was negligent, careless and reckless in the ownership, maintenance, servicing, testing and inspection of the aforesaid truck and was otherwise negligent carless and reckless which caused and permitted the parking brake to become released while it was parked at the service area.

22. By reason of the foregoing, plaintiff sustained severe and permanent personal injuries and was otherwise damaged.

## FIRST CLAIM FOR RELIEF AS AGAINST THE DEFENDANT FRANCOIS BEAUREGARD

23. Plaintiff repeats and realleges the allegations contained in paragraph 1 through 20 of this Complaint as if fully set forth herein.

24. Upon information and belief, the aforesaid occurrence and injuries were caused the defendant FRANCOIS BEAUREGARD which were committed on September 6, 2021.

25. Upon information and belief, the defendant FRANCOIS BEAUREGARD was negligent, careless and reckless in the operation, management, use and control of the aforesaid truck, failed to properly test, check, and inspect the truck before operating it on the day of the

accident and prior thereto, failed to recognize the hazardous conditions of the truck on September 6, 2021 and in response, to stop operating the truck on a public roadway, failed to keep the truck under proper control, failed to keep attentive to the condition of the truck as he drove it, and was otherwise negligent, careless and reckless.

26. By reason of the foregoing, plaintiff sustained severe and permanent personal injuries and was otherwise damaged.

27. The defendant 2635-8762 QUEBEC INC., is vicariously liable for the negligent act and omissions of the defendant FRANCOIS BEAUREGARD engaged in such acts and omissions during the course of and within the scope of his employment by the defendant 2635-8762 QUEBEC INC.

28. The defendant 2635-8762 QUEBEC INC., is liable for the negligent acts and omissions of the defendant FRANCOIS BEAUREGARD because defendant FRANCOIS BEAUREGARD used, operated and drove the aforesaid truck with permission and consent of defendant 2635-8762 QUEBEC INC.

WHEREFORE, plaintiff, PATRICIA SILVA demands judgment against the Defendants FRANCOIS BEAUREGARD and 2635-8762 QUEBEC INC., for damages an amount in excess of $1,000,000.00 which will compensate her for her non-economic and economic injuries and losses, together with pre-judgment and other interest and the costs and disbursements of this action.

Dated: December 8, 2021

                                        Respectfully submitted,

                                        **STEINBERG & GRUBER, P.C.**
                                        By: Hermann P. Gruber
                                        Attorneys for Plaintiff (s)
                                        300 Garden City Plaza, Suite 218
                                        Garden City, New York 11530
                                        (516) 663-0999

## ATTORNEY VERIFICATION

I, HERMANN P. GRUBER, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am the attorney for the plaintiff in the within action:

I have read the foregoing **COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the said plaintiff is because said plaintiff resides outside the county where I maintain my office.

The grounds of my belief as to all matters not stated upon my own knowledge are based on information contained in my office files and records.

I affirm that the foregoing statements are true under the penalty of perjury.

Dated: Garden City, New York
       December 8, 2021

HERMANN P. GRUBER